UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| JULIE SCIORTINO and CLARENCE CARR individually and on behalf of all others similarly situated, <br><br> Plaintiffs, <br><br> v. <br><br> OCWEN LOAN SERVICING, LLC, <br><br> Defendant. | CIVIL ACTION NO. <br><br> 1:13-CV-00732-CAP-JCF <br><br> CLASS ACTION |

## FIRST AMENDED COMPLAINT

NOW COMES Julie Sciortino and Clarence Carr, Plaintiffs in the captioned action, by and through the undersigned counsel, and, pursuant to Rules 15 and 21 of the Federal Rules of Civil Procedure, file this First Amended Complaint and shows:

### INTRODUCTION

1. This is an individual and class action for violation of the Fair Debt Collection Practices Act, 15 U.S.C. §1692 *et seq.* (hereinafter "FDCPA"). Defendant Ocwen Loan Servicing, Inc. in attempting to collect a consumer debt

-1-

from Plaintiffs and the Class Members (as hereafter defined), either failed to send, sent untimely, and/or sent defective dispute validation letters to Plaintiffs and the Class Members. In sending or failing to send the letters, Defendant violated 15 U.S.C. §1692g and/or 15 U.S.C. §1692e. As a result of Defendant's violation of the FDCPA, Plaintiffs and the Class Members seek statutory damages, costs and attorneys' fees.

## PARTIES

2. Plaintiff Julie Sciortino ("Sciortino" or "Plaintiff") is a resident of Gwinnett County, Georgia.

3. Plaintiff Clarence Carr ("Carr" or "Plaintiff") is a resident of Clayton County, Georgia.

4. Sciortino and Carr (collectively "Plaintiffs") and the Class Members borrowed money to purchase their personal residences (the "Debts"). Each Plaintiff is a "consumer" under the FDCPA, 15 U.S.C. §1692a(3), in that Defendant sought to collect from Plaintiffs the Debts.

5. Each of the Class Members are each a "consumer" as defined in the FDCPA, 15 U.S.C. §1692a(3), in that Defendant sought to collect debts used for similar personal, family or household purposes.

6. Ocwen Loan Servicing, LLC ("Ocwen") is a limited liability company organized and existing under the laws of the state of Delaware.

7. Ocwen transacts business in Georgia and may be served with a copy of the summons and complaint by leaving a copy with its registered agent for service, Corporation Service Company located at 40 Technology Parkway, South, Suite 300, Norcross, Georgia 30092.

8. Ocwen services consumer mortgage loans and is engaged in the business of collecting on promissory notes and other debts in default for creditors or holders of the notes.

9. Ocwen is a debt collector as defined in 15 U.S.C. § 1692a(6) because it used the mail system in business, the principal purpose of which, is the collection of debts.

10. Ocwen regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another.

11. Ocwen attempted to collect consumer debts from the Plaintiffs and Class Members.

## JURISDICTION AND VENUE

12. The court has jurisdiction to grant the relief sought by Plaintiffs and the Class Members pursuant to 15 U.S.C. § 1692k(d) and Rule 23 of Federal Rules of Civil Procedure.

13. Venue in this Court is proper in that defendant directed its collection efforts, including the mailing of Plaintiffs' collection notices, into the Northern

District of Georgia and the named Plaintiffs reside within the Northern District of Georgia.

## FACTUAL ALLEGATIONS

14. On or about February 6, 2013 Ocwen sent Sciortino an initial communication letter, sent in connection with the collection of the Debt, from Ocwen that stated *inter alia* that Ocwen would be servicing the account effective February 16, 2013 ("Initial Communication Letter"). A true and correct copy of the Initial Communication Letter is attached hereto as Exhibit A.

13. The Initial Communication Letter notified Plaintiff Sciortino that: "[t]his is an attempt to collects a debt, and, any information will be used for that purpose . . . ."

14. On or about February 16, 2013 Sciortino received another letter from Ocwen (hereinafter "Debt Validation Letter"). A true and correct copy of the Debt Validation Letter is attached hereto as Exhibit "B".

15. The Debt Validation Letter stated that "Federal Law requires that we provide you with the following information."

16. The Debt Validation Letter notified Sciortino that "[f]ederal law provides that you have thirty **(30) days from the date of this letter** to dispute the validity of this debt or any portion thereof." (emphasis added).

17. The Debt Validation Letter advised Sciortino that "if [she] did not wish to dispute this debt . . . within the thirty-day period, we will assume the debt is valid."

18. The Letter further advised "[i]f you wish to dispute this debt, please notify us **in writing**. . . within the 30 day period . . . ." (emphasis added).

19. Finally, the Debt Validation Letter stated that the name and address of the original creditor would be provided if requested "within the same thirty (30) day period."

20. On or about February 13, 2013 Ocwen sent Carr an initial communication letter, sent in connection with the collection of the Debt, from Ocwen that stated *inter alia* that Ocwen would be servicing the account effective March 1, 2013 ("Carr Initial Communication Letter"). A true and correct copy of the Carr Initial Communication Letter is attached hereto as Exhibit C.

21. The Initial Communication Letter notified Plaintiff Carr that: "Ocwen Loan Servicing, LLC is a debt collector attempting to collect a debt: any information obtained will be used for that purpose."

22. Ocwen failed to send Carr any other communications regarding the debt within five (5) days of the Carr Initial Communication Letter.

## COUNT I
## VIOLATION OF THE FAIR DEBT COLLECTION PRACTICES ACT

23. Plaintiffs repeat and reallege the allegations in the preceding paragraphs of this Complaint, and incorporates the same herein by this specific reference as though set forth herein in full.

24. Ocwen violated 15 USC § 1692g(a) by failing to timely provide Plaintiff Sciortino and Class Members with written notice containing the following information:

> (3) a statement that unless the consumer, within thirty days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector;
> (4) a statement that if the consumer notifies the debt collector in writing within the thirty-day period that the debt, or any portion thereof, is disputed, the debt collector will obtain verification of the debt or a copy of a judgment against the consumer and a copy of such verification or judgment will be mailed to the consumer by the debt collector; and
> (5) a statement that, upon the consumer's written request within the thirty-day period, the debt collector will provide the consumer with the name and address of the original creditor, if different from the current creditor.

15 USC § 1692g(a)(3)-(5).

25. Defendant Ocwen misrepresented Sciortino's and Class Members' rights under the FDCPA by shortening the time to dispute or validate the date by changing the statutory language in 15 USC § 1692g(a)(3) from "after receipt" to "from the date of this letter," thereby reducing the time to dispute the debt.

26. Defendant Ocwen misrepresented Sciortino's and Class Members' rights under the FDCPA by requiring that Sciortino and the Class Members' dispute their debts in writing when the FDCPA allows the dispute to be made orally or in writing.

27. Defendant violated 15 U.S.C. § 1692e because it is false, deceptive and/or misleading to misrepresent her legal rights under the FDCPA.

28. Defendant violated 15 U.S.C. § 1692e because it is false, deceptive and/or misleading to require Plaintiff Sciortino and the Class Members to dispute the Debt within 30 days from the date of the Letter, and/or to require such dispute to be in writing.

29. By reason of the conduct alleged herein, Defendant violated the FDCPA and is liable to the Plaintiff for statutory damages of up to one thousand dollars ($1,000) per violation and costs and attorneys' fees pursuant to 15 U.S.C. 1692k.

## COUNT II
## VIOLATION OF THE FAIR DEBT COLLECTION PRACTICES ACT

30. Plaintiffs repeat and reallege the allegations in the preceding paragraphs of this Complaint, and incorporate the same herein by this specific reference as though set forth herein in full.

31. Ocwen violated 15 USC § 1692g(a) by failing to timely provide Plaintiff Carr and Class Members with written notice containing the following information:

> (1) the amount of the debt;
> (2) the name of the creditor to whom the debt is owed;
> (3) a statement that unless the consumer, within thirty days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector;
> (4) a statement that if the consumer notifies the debt collector in writing within the thirty-day period that the debt, or any portion thereof, is disputed, the debt collector will obtain verification of the debt or a copy of a judgment against the consumer and a copy of such verification or judgment will be mailed to the consumer by the debt collector; and
> (5) a statement that, upon the consumer's written request within the thirty-day period, the debt collector will provide the consumer with the name and address of the original creditor, if different from the current creditor.

15 USC § 1692g(a)(3)-(5).

32. By reason of the conduct alleged herein, Defendant violated the FDCPA and is liable to the Plaintiff for statutory damages of up to one thousand dollars ($1,000) per violation and costs and attorneys' fees pursuant to 15 U.S.C. 1692k.

## COUNT III
## CLASS ALLEGATIONS

33. The named Plaintiffs and others similarly situated to them, repeat and reallege the allegations in the preceding paragraphs of this Complaint, and incorporate the same herein by reference as though set forth herein in full.

34. Plaintiffs bring their claims on behalf of a proposed class, consisting of:

(a) all "consumers" as defined in the FDCPA;

(b) that were sent a letter in connection with the collection of a debt from Ocwen that contained a written statement that the recipient had thirty (30) days from the date of the letter to dispute the validity of the debt; and/or the dispute had to be in writing; and/or

(d) to whom Ocwen failed to disclose in writing the statements required by 15 U.S.C. § 1962g(a)(1)-(5); and

(e) on or before a date one year prior to the filing of this complaint through the date of certification of this motion.

(herein referred to as "Class Members").

35. Plaintiffs seek class action certification and are authorized to maintain this suit as a class action pursuant to 15 U.S.C. § 1692k(a)(2)(B) and the Federal Rules of Civil Procedure 23(a) and 23(b)(3).

36. The persons included in each Class set out above are so numerous that joinder of all parties is impractical.

37. There are more than one thousand (1,000) members of the proposed class. More precise information concerning the size and identification of class members will be obtained through discovery and set forth in Plaintiffs subsequent Motion for Class Certification.

38. The class members seek statutory damages not to exceed the sum of $1,000. Thus, the claim of each potential class member is relatively small, such

that it is not economically feasible to bring individual actions for each member of the class.

39. Plaintiffs claims are typical of the claims of the proposed class.

40. The questions of law and fact which are common among members of the class are whether Defendant violated the Fair Debt Collection Practices Act, 15 U.S.C. § 1692g by (i) failing to notify Plaintiff and the class members that they had thirty (30) days from the date of their receipt of their debt validation notice to dispute their debts, (ii) requiring Plaintiffs and the Class Members to dispute their debts in writing; and/or (iii) by failing to send timely written statements containing the information required by 15 U.S.C. § 1692g(a)(1)-(5).

41. These questions of law and/or fact common to the members of the class predominate over any other question affecting only individual members and a class action is superior to any other method of fair adjudication of the class presented.

42. The representative party and their counsel will take those actions necessary to protect the interests of the class members.

43. Plaintiff has retained counsel with experience in complex litigation and consumer protection statutes.

## DEMAND FOR TRIAL BY JURY

44. Plaintiff and the putative class member request a trial by jury on all of their claims so triable.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiffs request that the Court enter judgment in favor of Plaintiff and putative class members and against Defendant for:

a. actual damages for the Plaintiff;

b. statutory damages for the Plaintiff and each member of the class;

c. attorney's fees, litigation expenses and costs of suit; and

d. such other or further relief as the Court deems proper.

This 24th day of April, 2013.

/s/Ainsworth G. Dudley
Ainsworth G. Dudley
Georgia Bar No. 231745
Attorney for Plaintiff

Suite 200, Building One
4200 Northside Parkway
Atlanta, Georgia 30327
(404) 687-8205
dudleylaw@imnisp.com

## CERTIFICATE OF SERVICE AND COMPLIANCE WITH L.R. 5.1B

The undersigned hereby certifies that the foregoing was filed using the Court's CM/ECF and is relying upon the same to serve all parties in this case.

I also hereby certify that the foregoing has been computer processed with 14 point New Times Roman Font in compliance with the United States District Court for the Northern District of Georgia Local Rule 5.1B.

The _____ day of April, 2013.

/s/Ainsworth G. Dudley
Ainsworth G. Dudley
Georgia Bar No. 231745
Attorney for Plaintiff

Suite 200, Building One
4200 Northside Parkway
Atlanta, Georgia 30327
(404) 687-8205
dudleylaw@imnisp.com