UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| MYRTLE CARR et al.,<br><br>Plaintiff,<br><br>v.<br><br><br><br>OCWEN LOAN SERVICING, LLC,<br><br>Defendant. | CIVIL ACTION NO.<br><br>1:13-CV-00732-JCF<br><br>CLASS ACTION COMPLAINT |

## THIRD AMENDED COMPLAINT

NOW COMES Plaintiff in the captioned action, by and through the undersigned counsel, and, pursuant to the Order of the Court dated September 10, 2013 and Rule 15 of the Federal Rules of Civil Procedure, file this Third Amended Complaint and shows:

### INTRODUCTION

1.  This is an individual and class action for violation of the Fair Debt Collection Practices Act, 15 U.S.C. §1692 *et seq.* (hereinafter "FDCPA"). Defendant Ocwen Loan Servicing, Inc. in attempting to collect a consumer debt from Plaintiff and the Class Members (as hereafter defined), sent untimely, and/or

defective debt validation letters to Plaintiff and the Class Members in violation of 15 U.S.C. §1692g and 15 U.S.C. §1692e. As a result of Defendant's violation of the FDCPA, Plaintiff and the Class Members seek the maximum statutorily permissible damages, costs and attorneys' fees under 15 U.S.C. §1692k.

## PARTIES

2. Plaintiff Myrtle Carr ("Carr" or "Plaintiff") is a resident of Henry County, Georgia.

3. Carr and the Class Members borrowed money to purchase their personal residences.

4. Plaintiff is a "consumer" under the FDCPA, 15 U.S.C. §1692a(3), in that Defendant sought to collect from Plaintiff a debt used to purchase her personal residence.

5. Each Class Member is a "consumer" as defined in the FDCPA, 15 U.S.C. §1692a(3), in that Defendant sought to collect debts used for similar personal, family or household purposes.

6. Ocwen Loan Servicing, LLC ("Ocwen") is a limited liability company organized and existing under the laws of the state of Delaware.

7. Ocwen transacts business in Georgia and may be served with a copy of the summons and complaint by leaving a copy with its registered agent for

service, Corporation Service Company located at 40 Technology Parkway, South, Suite 300, Norcross, Georgia 30092.

8.  Ocwen services consumer mortgage loans and is engaged in the business of collecting on promissory notes and other debts in default for creditors or holders of the notes.

9.  Ocwen is a debt collector as defined in 15 U.S.C. § 1692a(6) because it uses the mail system in business, the principal purpose of which, is the collection of debts.

10.  Ocwen regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another.

11.  Ocwen attempted to collect consumer debts from Plaintiff and Class Members.

## JURISDICTION AND VENUE

12.  The court has jurisdiction to grant the relief sought by Plaintiff and the Class Members pursuant to 15 U.S.C. § 1692k(d) and Rule 23 of Federal Rules of Civil Procedure.

13.  Venue in this Court is proper in that defendant directed its collection efforts, including the mailing of Plaintiff's collection notices, into the Northern District of Georgia and the named Plaintiff resides within the Northern District of Georgia.

## FACTUAL ALLEGATIONS

14. On or about February 16, 2013 Plaintiff Carr and the Class Members received letters from Ocwen purporting to advise them of their rights under 15 U.S.C. § 1962g (hereinafter "Debt Validation Letter").

15. A true and correct copy of the Debt Validation Letter sent to each Plaintiff and putative class member is attached hereto as Exhibit "A".

16. Ocwen failed to identify the correct name of the creditor to whom Plaintiff's and the Class Members' debts were owed in their initial communication or the Debt Validation Letter sent to Plaintiff and the Class Members.

17. Ocwen failed to identify the amount of the debts allegedly owed by Plaintiff and each Class Member

18. The Debt Validation Letter stated that "Federal Law requires that we provide you with the following information."

19. The Debt Validation Letter notified Plaintiff Carr and each Class Member that "[f]ederal law provides that you have thirty **(30) days from the date of this letter** to dispute the validity of this debt or any portion thereof." (emphasis added).

20. The Debt Validation Letter advised Plaintiff Carr and each Class Member that "if [they] did not wish to dispute this debt . . . within the thirty-day period, we will assume the debt is valid."

21. The Debt Validation Letter further advised Plaintiff and each class member that "[i]f [they] wish[ed] to dispute this debt, please notify us **in writing** . . . within the 30 day period . . . ." (emphasis added).

22. Finally, the Debt Validation Letter stated that the name and address of the original creditor would be provided if requested "within the same thirty (30) day period."

23. Each class member received debt validation letter containing identical or substantially the same language as the language contained in the Debt Validation Letter sent to Plaintiff.

## **CAUSES OF ACTION**

### COUNT I
### VIOLATION OF THE FAIR DEBT COLLECTION PRACTICES ACT

24. Plaintiff repeats and realleges the allegations in the preceding paragraphs of this Complaint, and incorporate the same herein by this specific reference as though set forth herein in full.

25. Ocwen violated 15 USC § 1692g(a) by failing to timely provide Plaintiff and Class Members with written notice containing the following information:

(1) the amount of the debt;

(2) the name of the creditor to whom the debt is owed;

(3) a statement that unless the consumer, within thirty days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector;

(4) a statement that if the consumer notifies the debt collector in writing within the thirty-day period that the debt, or any portion thereof, is disputed, the debt collector will obtain verification of the debt or a copy of a judgment against the consumer and a copy of such verification or judgment will be mailed to the consumer by the debt collector; and

(5) a statement that, upon the consumer's written request within the thirty-day period, the debt collector will provide the consumer with the name and address of the original creditor, if different from the current creditor.

15 USC § 1692g(a)(3)-(5).

30. Defendant Ocwen misrepresented the Plaintiff's and Class Members' rights under the FDCPA by shortening the time to dispute or validate the date by changing the statutory language in 15 USC § 1692g(a)(3) from "after receipt" to "from the date of this letter," thereby reducing the time to dispute the debt.

31. Defendant Ocwen misrepresented Plaintiff's and Class Members' rights under the FDCPA by requiring that Plaintiff and the Class Members dispute their debts in writing when the FDCPA allows the dispute to be made orally or in writing.

32. Defendant violated 15 U.S.C. § 1692e because it is false, deceptive and/or misleading to misrepresent their legal rights under the FDCPA.

33. Defendant violated 15 U.S.C. § 1692e because it is false, deceptive and/or misleading to require Plaintiff and the Class Members to dispute their debts within 30 days from the date of the Letter, and/or to require such dispute to be in writing.

34. By reason of the conduct alleged herein, Defendant violated the FDCPA and is liable to the Plaintiff for statutory damages of up to one thousand dollars ($1,000) per violation and costs and attorneys' fees pursuant to 15 U.S.C. 1692k.

## COUNT II
## CLASS ALLEGATIONS

35. The named Plaintiff and others similarly situated to her repeat and reallege the allegations in the preceding paragraphs of this Complaint, and incorporate the same herein by reference as though set forth herein in full.

36. Plaintiff bring their claims on behalf of a proposed class, consisting of:

(a) all "consumers" as defined in the FDCPA;

(b) that were sent a letter in connection with the collection of a debt from Ocwen that contained a written statement that the recipient had thirty (30) days from the date of the letter to dispute the validity of the debt; and/or the dispute had to be in writing; and/or

(d) to whom Ocwen failed to disclose in writing the statements required by 15 U.S.C. § 1962g(a)(1)-(5); and

(e) on or before a date one year prior to the filing of this complaint through the date of certification of this motion.

(herein referred to as "Class Members").

37. Plaintiff seeks class action certification and is authorized to maintain this suit as a class action pursuant to 15 U.S.C. § 1692k(a)(2)(B) and the Federal Rules of Civil Procedure 23(a) and 23(b)(3).

38. The persons included in each Class set out above are so numerous that joinder of all parties is impractical.

39. There are more than one thousand (1,000) members of the proposed class. More precise information concerning the size and identification of class members will be obtained through discovery and set forth in Plaintiff's subsequent Motion for Class Certification.

40. Plaintiff seeks statutory damages not to exceed the sum of $1,000 per plaintiff and the class seeks the maximum statutorily allowed damages under 15 U.S.C. §1692k. Thus, the claim of each potential class member is relatively small, such that it is not economically feasible to bring individual actions for each member of the class.

41. Plaintiff's claims are typical of the claims of the proposed class.

42.   The questions of law and fact which are common among members of the class are whether Defendant violated the Fair Debt Collection Practices Act, 15 U.S.C. § 1692g by (i) failing to notify Plaintiff and the class members that they had thirty (30) days from the date of their receipt of their debt validation notice to dispute their debts, (ii) requiring Plaintiff and the Class Members to dispute their debts in writing; and/or (iii) by failing to send timely written statements containing the information required by 15 U.S.C. § 1692g(a)(1)-(5).

43.   These questions of law and/or fact common to the members of the class predominate over any other question affecting only individual members and a class action is superior to any other method of fair adjudication of the class presented.

44.   The representative party and their counsel will take those actions necessary to protect the interests of the class members.

45.   Plaintiff has retained counsel with experience in complex litigation and consumer protection statutes.

## DEMAND FOR TRIAL BY JURY

46.   Plaintiff and the putative class members request a trial by jury on all of their claims so triable.

## **PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff request that the Court enter and order and/or judgment in favor of Plaintiff and the putative class members and against Defendant for the following relief:

a. certifying this action as a class action under Rule 23;

b. providing a jury trial on all issues so triable;

c. awarding the maximum statutory damages for the Plaintiff and each member of the class under 15 U.S.C. §1692k;

d. awarding reasonable expenses of litigation including attorneys' fees;

e. awarding costs; and

f. awarding such other and further relief as this Court deems just and equitable.

This 12th day of September, 2013.

/s/*Ainsworth G. Dudley*
Ainsworth G. Dudley
Georgia Bar No. 231745
Attorney for Plaintiff

Suite 200, Building One
4200 Northside Parkway
Atlanta, Georgia 30327
(404) 687-8205
dudleylaw@imnisp.com

## CERTIFICATE OF SERVICE AND COMPLIANCE WITH L.R. 5.1B

The undersigned hereby certifies that the foregoing was filed using the Court's CM/ECF and is relying upon the same to serve all parties in this case.

I also hereby certify that the foregoing has been computer processed with 14 point New Times Roman Font in compliance with the United States District Court for the Northern District of Georgia Local Rule 5.1B.

The 13th day of September, 2013.

/s/*Ainsworth G. Dudley*
Ainsworth G. Dudley
Georgia Bar No. 231745
Attorney for Plaintiff

Suite 200, Building One
4200 Northside Parkway
Atlanta, Georgia 30327
(404) 687-8205
dudleylaw@imnisp.com